(45 Misc. Rep. 257.)

ARTHUR v. SIRE.

(Supreme Court, Special Term, New York County.  November, 1904.)

1. PARTNERSHIP—DISSOLUTION—RIGHTS OF PARTIES.

Where, under a contract, one of the parties thereto was prohibited from assigning it, but was given the right to associate with himself another party in the enterprise, if he desired, if such party entered into a partnership to carry out the contract, and the partnership articles provided that he should contribute the agreement to the partnership, subject to the conditions contained therein, on the dissolution of the partnership the contract became his sole property, and the interest of his partner therein ceased.

Action by Daniel V. Arthur against Henry B. Sire for dissolution of a partnership.    Judgment for plaintiff.

Hatch, Keener & Clute and Leon Laski, for plaintiff
Franklin Bien, for defendant.

BLANCHARD, J.    This is an action to secure the dissolution of a copartnership, and for the appointment of a referee to take and state the partnership accounts, and for the appointment of a receiver of the partnership property.    By a stipulation entered into at the trial I am required to determine whether, upon the dissolution of the copartnership, certain contracts, respectively referred to as the Cahill, Rankin, Hadley, and Broadhurst contracts, are the property of the copartnership or the sole property of the plaintiff.    It must be stated at the outset that the contracts made by Rankin, Hadley, and Broadhurst with the plaintiff are all dependent upon and subsidiary to the main contract made by Marie Cahill with the plaintiff.    By their very terms, all of these contracts were not to be assigned by the plaintiff, but the Cahill contract gave him the right to "associate with himself such other party in the enterprise herein as he desires."    When the partnership was created by written agreement between the plaintiff and defendant to carry

out the purposes of the Cahill and the other contracts, viz., "starring the said Marie Cahill in suitable musical comedies for a period of five theatrical seasons," the party of the first part of the agreement (the plaintiff) was to "contribute to the said copartnership the agreement with said Marie Cahill and others [being the contracts in question] and the right to the services of the said Marie Cahill for the period aforementioned, subject to all the covenants and conditions contained in the said agreements which are hereto annexed and made a part hereof." It thus appears that the defendant had full knowledge and notice of the nature and scope of the contracts of the plaintiff with Marie Cahill and others, and was aware of the limited rights of the plaintiff therein. As has been already stated, these contracts were, by their very terms, not assignable, and the Cahill contract was expressly stated therein to be a personal one. It therefore follows that the plaintiff, in contributing these contracts to the partnership, contributed only the right which was therein expressly reserved to him to associate with himself such other party in the enterprise as he desired. This association was effected by the partnership formed by him with the defendant, and gave the defendant the rights created by the partnership agreement so long as the association (i. e., the copartnership) between himself and the plaintiff continued. When that association ceases, the rights of the defendant in these contracts and in the subject-matter thereof cease also. It would be futile to hold otherwise. These contracts have no value that could be sold by a receiver to be appointed in this action. A purchaser could not enforce their performance, nor would he be entitled to enforce them. The contracts therefore become the property of the plaintiff upon the dissolution of the copartnership.

Judgment accordingly.